UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND BETTISON,

                Petitioner,

v.                                                   Case Number 10-12358
                                                     Honorable David M. Lawson

THOMAS K. BELL,

                Respondent.

_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

      The petitioner, Raymond Bettison, has filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of assault with intent to commit murder, Mich. Compiled Laws § 750.83, and possession of a firearm during the commission of a felony, Mich. Compiled Laws § 750.227b (felony firearm). He was sentenced to two years in prison for the felony firearm conviction and a consecutive prison term of ten to thirty years for assault. He was released on parole, but his parole term was revoked, and he was then sentenced to five years in prison. He alleges that the decision to revoke his parole term violated his rights to due process and equal protection of the law and was an unreasonable application of clearly established federal law. He also alleges that his rights to an impartial adjudicator and access to the courts were violated. The respondent filed an answer to the petition, asserting that habeas relief is not warranted because the petitioner did not properly exhaust state remedies and his claims lack merit. The Court has determined that the petitioner's claims have become moot due to his release on a new term of parole after he filed his habeas petition. The petition therefore must be dismissed.

I.

In 1992, the petitioner pleaded guilty to the assault and weapon crimes, and was sentenced to prison, as noted above. On July 15, 2008, the State released the petitioner on parole for a term of two years. However, on October 6, 2008, the Michigan Department of Corrections charged the petitioner with violating the conditions of parole. The charges alleged that the petitioner (1) changed his residence without permission from his field agent, (2) failed to report to his field agent, (3) possessed a firearm, (4) engaged in unlawful behavior (being a felon in possession of a firearm), and (5) possessed a .38 special revolver. An administrative law examiner conducted a parole revocation hearing and determined that the evidence presented at the hearing supported a finding that the petitioner violated parole. Two members of the Michigan Parole Board subsequently found the petitioner not guilty of the first two charges, but guilty of the final three charges. On December 16, 2008, the Michigan Parole Board voted to continue the petitioner's incarceration for five years.

The petitioner sought judicial review of the parole board's decision to revoke his parole term. He argued that the administrative law examiner misapplied the law to the facts and excluded facts that would have been sufficient to support a decision in the petitioner's favor. The petitioner also maintained that the evidence presented did not suffice to prove his guilt. On June 11, 2009, Ingham County Circuit Judge William E. Collette affirmed the parole board's decision after concluding that the decision was supported by competent, material, and substantial evidence on the whole record.

The petitioner appealed Judge Collette's decision to the Michigan Court of Appeals. The Court of Appeals directed the petitioner to pay an initial partial filing fee of $10 and to make subsequent monthly payments consisting of fifty percent of the deposits made to his prison account until the balance of $365 was paid. The petitioner did not comply with the state court's order, and

-2-

the court of appeals returned his pleading and closed his file on December 9, 2009.

The petitioner then applied for leave to appeal in the Michigan Supreme Court, which instructed the petitioner to pay an initial partial filing fee of $4 and to make subsequent monthly payments until the balance of $371 was paid. *See Bettison v. Parole Board*, No. 140298, 776 N.W.2d 113 (Jan. 5, 2010). After the petitioner paid the initial partial filing fee, the state supreme court denied leave to appeal because it was not persuaded to review the issues. *See Bettison v. Parole Board*, 486 Mich. 901, 780 N.W.2d 827 (2010).

The petitioner filed his habeas corpus petition on June 15, 2010. His first and second claims allege that the Parole Board's decision to revoke his parole violated his rights to due process and to equal protection of the law because there was no evidence to support the parole board's decision, and the decision was based on speculation. The third habeas claim alleges that the petitioner was denied an impartial adjudicator and the state court conducted judicial review of his claims without the transcripts and other relevant evidence. In his fourth claim, the petitioner alleges that the state appellate courts denied him access to the courts by rejecting his applications for leave to appeal on the basis of his inability to pay court fees and costs. The petitioner seeks reinstatement on parole and immediate discharge from custody.

II.

The petitioner was incarcerated at Gus Harrison Correctional Facility in Adrian, Michigan when he filed his habeas petition in 2010. Records maintained by the Michigan Department of Corrections on its official web site indicate that the petitioner was re-released on parole on June 21, 2011. *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=220260. The question before the Court therefore is whether the petition is moot.

The Court may grant the writ of habeas corpus only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3) and 2254(a).  And Article III of the United States Constitution extends judicial power only to cases and to controversies:

> It is a basic principle of Article III that a justiciable case or controversy must remain "extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (internal quotation marks omitted). "[T]hroughout the litigation," the party seeking relief "'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"  *Spencer* [*v. Kemna*, 523 U.S. 1, 7 (1998)] (quoting *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477 (1990)).

*United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011).

If, during the pendency of a case, an event occurs that makes it impossible for a court to grant any relief to the prevailing party, the case must be dismissed.  *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992); *Edwards v. Dewalt*, 681 F.3d 780, 788 (6th Cir. 2012).  The Court "lacks jurisdiction to consider any case or issue that has 'lost its character as a present, live controversy' and thereby becomes moot." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (citing *Hall v. Beals*, 396 U.S. 45, 48, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969)).  "Because the exercise of judicial power under Article III of the Constitution depends on the existence of a live case or controversy, mootness is a jurisdictional question." *Ibid.* (citing *Lewis v. Cont'l Bank Corp*., 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990))

"[A] petitioner's habeas challenge is not necessarily mooted by the petitioner's release from incarceration so long as the petitioner can demonstrate 'collateral consequences' that follow from his conviction and remain ongoing." *Demis*, 558 F.3d at 515.  "However, although a habeas action is not necessarily mooted by the expiration of a petitioner's sentence, some concrete and continuing

injury other than the now-ended incarceration or parole — some collateral consequence of the conviction — must exist if the suit is to be maintained." *Ibid.* The petitioner cannot rely on "generalized and hypothetical" consequences that attend any criminal conviction to defeat mootness. *Id.* at 516. "Instead, [the petitioner] must articulate concrete injuries or deprivations that are consequences of the challenged [actions] and that remain live controversies for which the courts could provide meaningful relief." *Ibid.*

The petitioner alleged in his habeas petition that he was "in custody" because of the parole revocation. His incarceration on the parole revocation charges satisfied the "in-custody" provision of 28 U.S.C. § 2254. *Spencer v. Kemna*, 523 U.S. 1, 7 (citing *Carafas v. LaVallee*, 391 U.S. at 238, and *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (*per curiam*)). His subsequent release on parole changed his status to that of a parolee.

Ordinarily, a state prisoner's release on parole does not render his habeas case moot "as long as his liberty is curtailed by the conditions of his parole." *Turner v. Bagley*, 401 F.3d 718, 726 (6th Cir. 2005). The petitioner, however, is not attacking his sentences for assault with intent to commit murder or felony firearm. He is challenging the decision to revoke his prior parole term. As in *Spencer*, "[t]he reincarceration that he incurred as a result of that action is now over, and cannot be undone. Subsistence of the suit requires, therefore, that continuing 'collateral consequences' of the parole revocation be either proved or presumed." 523 U.S. at 8.

The Supreme Court has "decline[d] to presume that collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from [the] petitioner's parole revocation," *Spencer*, 523 U.S. at 14, and the petitioner has not alleged any collateral consequences from the parole revocation. In fact, since his subsequent release on parole, the petitioner has not communicated with

the Court.  He did not inform the Court of his re-release, and he has not provided the Court with his current address.  The Court learned of the petitioner's parole status from the State's website.

The petitioner also has not alleged that his case falls within the exception to mootness for cases capable of repetition yet evading review.

> [T]he capable-of-repetition doctrine applies only in exceptional situations, where the following two circumstances [are] simultaneously present:  (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.

*Spencer*, 523 U.S. at 17 (citations and quotation marks omitted) (alterations in original).  The petitioner has not satisfied either of those conditions.  He has not shown that the time between parole revocation and re-release on parole was too short to evade review, and he has not demonstrated a reasonable expectation that the parole board will once again revoke his parole.

III.

The Court holds that the action of the state parole board re-releasing the petitioner on a new term of parole renders moot the claims in the habeas petition.  The Court, therefore, lacks the authority to decide this case on the merits.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  October 4, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 4, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL